Argued January 18, decided February 15, 1910.

## HESSIAN v. HESSIAN.

[106 Pac. 1015.]

MASTER AND SERVANT—COMPENSATION OF SERVANT—ALLOWANCE.

Where one employed to manage a business was guilty of culpable negligence in conducting the business and in making a record of his transactions, he was not entitled to such compensation as would be a fair allowance, had he conducted the business carefully and kept an accurate account.

From Multnomah: THOMAS O'DAY, Judge.

This is a suit by W. A. Hessian against C. D. Hessian for an accounting. From a decree in favor of defendant, plaintiff appeals.                                    MODIFIED.

For appellant there was a brief over the names of *Mr. William G. Hale* and *Mr. Henry McConnell* with an oral argument by *Mr. McConnell.*

For respondent there was a brief over the names of *Mr. J. C. McFadden* and *Mr. John Ditchburn* with an oral argument by *Mr. Ditchburn.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The plaintiff and the defendant in this case are brothers, and it is greatly to be regretted that persons standing in such relationship should not have been able to adjust their difficulties without resorting to the courts. In September, 1906, the plaintiff had an attack of nervous prostration, verging on insanity, which incapacitated him from carrying on his business, and, at the request of his relatives, defendant came out from Minnesota to take his place as manager. He came with the intent to sell out the business; but, failing in this, he took charge of it and managed the business for practically 14 months, although plaintiff was there off and on for two or three months of the time.

Without going into details, it is sufficient to say that his bookkeeping was very imperfect, showing carelessness

and failing by several thousand dollars to show the receipts and expenditures of the business. After carefully going over the accounts, so far as they appear, it is fair to the defendant to say that omissions made in this respect do not seem to have occurred universally in his favor, quite as often the reverse being the case, and it is just as likely that the many inaccuracies and omissions were the result of ignorance and carelessness as that they were deliberately intended to defraud. It is probable that, presuming upon his relationship to the plaintiff, defendant assumed that no strict accounting would be demanded, yet the evidence shows that he was especially requested and warned by relatives at the very outset to keep a correct written account of the receipts and expenditures of the business, and he either ought to have declined to act at all, or should have devoted a few minutes each day to making a written record of the business transacted.

We agree with the referee, who heard this case, that there is nothing in the evidence to indicate that the defendant stole anything, or in any way misappropriated the funds that came into his hands; but we think that the evidence does indicate a lack of diligence and culpable negligence in properly conducting and supervising his trust and in making a record of his transactions. The referee allowed defendant $45 per month, in addition to his board and lodging, which was paid for out of the proceeds of the business, as compensation for his services; this sum amounting to $616. This would have been a fair allowance, had defendant conducted the business carefully and kept an accurate account; but considering that he was not careful, but negligent, we are disposed to show our disapprobation of such negligence by reducing his compensation to $30 a month, making in the aggregate $412 for wages. The other allowances and credits will not be disturbed, and defendant will have

a decree for $217 and his costs and disbursements in the circuit court.

Neither party will recover costs in this court.

MODIFIED.